**Gary FURRY and Regine Furry, Plaintiffs–Appellants,**

v.

**BIELOMATIK, INC., Bielomatik–Vinton, Inc, a coporation Defendant–Appellee.**

No. 01–55442.

D.C. No. CV–98–2600–MMM.

United States Court of Appeals, Ninth Circuit.

Argued and Submitted March 5, 2002.

Decided March 21, 2002.

---

Before WARDLAW and W. FLETCHER, Circuit Judges, and FOGEL, District Judge.*

### MEMORANDUM**

Gary Furry ("Furry") and his wife Regine Furry (collectively "the Furrys") appeal the district court's summary judgment against them and in favor of Bielo-

---

matik, Inc. ("Bielomatik"). The Furrys sued Bielomatik for products liability and related claims following a workplace accident in which Furry lost the fingers of his dominant right hand after they were crushed between the rollers of a Bielomatik paper converting machine.[1] We have jurisdiction pursuant to 28 U.S.C. § 1291. We review *de novo* the district court's decision to grant summary judgment. *Kohler v. Inter–Tel Techs.*, 244 F.3d 1167, 1171 (9th Cir.2001). Because we conclude that the district court should not have excluded the opinion evidence of the Furrys' only expert witness, we vacate the judgment and remand for further proceedings.

The district court excluded the subject expert opinion under *Kumho Tire Co., Ltd. v. Carmichael*, 526 U.S. 137, 119 S.Ct. 1167, 143 L.Ed.2d 238 (1999) and *Daubert v. Merrell Dow Pharmaceuticals, Inc.*, 509 U.S. 579, 113 S.Ct. 2786, 125 L.Ed.2d 469 (1993), then granted summary judgment for Bielomatik on the ground that the Furrys could not prevail on their claims absent expert opinion evidence. The Furrys' expert, Dr. Waymon Johnston, is a safety engineer who has taught and consulted in his field for more than twenty years and who has testified as an expert witness in numerous cases. He opined that the Bielomatik machine should have been equipped with four different safety features: "interlocked" safety guards which would have prevented the machine from operating unless safety guards were in place; an emergency shut-off device which would have allowed Furry to shut down the machine when his hand was caught; a "hickey picker" extension tool used to pick material out of the machine's rollers; and

---

\* The Honorable Jeremy Fogel, United States District Judge for the Northern District of California, sitting by designation.

\*\* This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as may be provided by 9th Cir. R. 36–3.

1. A paper converting machine is a multi-function machine which customizes paper products.

warnings regarding operation of the machine. The district court concluded that Dr. Johnston was qualified to give expert opinions on the issue of safety, but that his opinions in this particular case failed to meet the standards set forth in *Kumho Tire* and *Daubert* because he failed to offer specific details regarding the design of proposed safety features or the language of proposed warnings.

Were we in agreement that Dr. Johnston's role as a safety engineer required him to provide the type of details identified by the district court, we would have no difficulty affirming the district court's decision to exclude his opinions. The district court's exclusion order clearly and painstakingly highlights the absence of design details in Dr. Johnston's written report and deposition testimony. Where the district court erred was in determining that Dr. Johnston's opinions had to include such details in order to be admissible. The district court referenced Dr. Johnston's own testimony to support its conclusion that a safety engineer must provide some details as to how proposed safety features should look and function. Dr. Johnston, however, testified that while a safety engineer determines conceptually whether a safety feature is required—for example, whether a pinch point or some other hazard needs to be guarded—a mechanical or electrical engineer actually designs and implements the feature. Dr. Johnston offered opinions consistent with this definition of his role. His failure to go further, i.e., to offer specific designs for proposed safety features, did not render inadmissible his conclusions that such features were necessary to render the machine safe. The district court's conclusion

to the contrary appears to have been based upon an overly expansive view of Dr. Johnston's role as a safety expert, as well as an overly technical application of the factors articulated in *Kumho Tire* and *Daubert*.[2] The district court therefore abused its discretion in excluding his opinions.

The district court's decision to grant summary judgment in favor of Bielomatik was based solely upon its conclusion that the Furrys could not prevail on their claims once Dr. Johnston's opinion evidence had been excluded. Accordingly, the judgment of the district court is vacated, and the matter is remanded to the district court for further proceedings.

VACATED and REMANDED.

---

2. The district court correctly held that ultimately it was the Furrys' burden to provide evidence of available alternative designs incorporating the safety features identified by Dr. Johnston. This conclusion, however, did not mean that *Dr. Johnston* had to provide such evidence in order to be permitted to testify as an expert witness. The Furrys did in fact provide evidence as to these matters by other means, including Bielomatik's own discovery responses.